IN THE UNITED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES CASEY SIMS**             **PLAINTIFF**

    **VS.**             **CAUSE NO.: 3:20-cv-156-JMV**

**ANDREW SAUL,**
**COMMISSIONER OF SOCIAL SECURITY**             **DEFENDANT**

## FINAL JUDGMENT

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's oral ruling during a hearing held today, the Court finds the Commissioner's disability decision is not supported by substantial evidence in the record.

Plaintiff argues the ALJ erred because he did not find persuasive the medical opinion of Dr. Kristen Carter that the claimant could only occasionally handle items.[1] Tr. 33. The

---

[1] The Court finds all Plaintiff's remaining arguments, except argument "F," are without merit. The RFC, in all respects other than what's noted in the body of this decision, is supported by substantial evidence (largely in the form of Dr. Carter's and Dr. Scallorn's (T. 110) opinions), and Plaintiff has failed to show other prejudice that warrants remand. With respect to Plaintiff's listing argument, he has failed to show harmful error because he has established neither the durational persistence despite continuing prescribed treatment nor the "very serious limitations" that Listing 8.05 (dermatitis) demands. And, Plaintiff has shown no error with respect to the ALJ's

ALJ found unpersuasive Dr. Carter's opinion that Plaintiff could handle only occasionally because, according to the ALJ, it appeared Dr. Carter based her opinion on Plaintiff's subjective report that he occasionally dropped things. In support of this conclusion, the ALJ pointed out that an EMG of the upper extremities found "only moderate bilateral carpal tunnel syndrome," and Dr. Carter's exam revealed full grip strength as well and full gross and fine manipulation. Tr. 33. The ALJ also reasoned that while Dr. Carter found decreased sensation in Plaintiff's hands, she placed no restrictions on feeling or fingering. *Id.*

Plaintiff argues the ALJ's assessment of Dr. Carter's evaluation was patently false because Dr. Carter was the only physician who had access to the EMG and formulated an opinion with respect to the limitations that Plaintiff had as result of his carpal tunnel syndrome. Pl.'s Br. 13. Plaintiff argues that Dr. Carter's findings were confirmed by objective findings and were not based on the Plaintiff's subjective complaints. *Id.* at 14. Plaintiff points out Dr. Carter stated that her clinical findings were supported by the decreased sensation to touch in Plaintiff's hands in median distribution. *Id.* Also, Dr. Carter cited to the EMG in her assessment by stating, "weakness and occasionally drops objects 2/2 dx of carpal tunnel (by EMG)." *Id.* Plaintiff alleges that he was prejudiced by the ALJ's error because the VE's correspondence indicated that with the ability to only occasionally handle, no occupations would be available. Tr. 400.

---

determination his psoriasis was not severe because Dr. Carter opined it caused no functional limitations; and, Plaintiff has established no prejudice even assuming there was error. However, with respect to argument "F," because the Court is remanding this case as to Plaintiff's argument "D," the Court finds no need and, therefore, declines to address this argument.

2

The Court agrees with Plaintiff to the extent Plaintiff argues the ALJ either misinterpreted or mischaracterized Dr. Carter's findings. As a reason to discredit Dr. Carter's opinion that the claimant could only occasionally handle objects in a work setting, the ALJ stated in part: "While she did find decreased sensation in the hands, she placed no restrictions on feeling or fingering." This statement suggests the ALJ found Dr. Carter's opinion internally inconsistent. However, Dr. Carter's assessment with respect to the claimant's carpel tunnel syndrome was not simply that he had decreased sensation in the hands, but he had "*decreased sensation in the distribution of the median nerve in both hands*." Indeed, in her CE report, Dr. Carter notes the claimant's <u>normal</u> fine and gross manipulative skills separately from *neurological* findings, where she reports the <u>abnormal</u> sensation. Tr. 1409. Furthermore, Dr. Carter's assessment of only occasional handling appears to be consistent with her assessment of only occasional lifting and carrying less than 10 pounds (and no *frequent* lifting or carrying) due to "weakness and occasionally drops objects 2/2 dx of carpel tunnel (by EMG)." Ultimately, it appears there was no attempt by the ALJ to obtain an explanation for any perceived inconsistency in Dr. Carter's failure to include a limitation on the claimant's ability to feel. Nor did the ALJ seek another medical opinion to resolve the apparent conflict between his understanding of "moderate" carpel tunnel syndrome and Dr. Carter's in the context of a person's ability to handle objects. The ALJ ventured out on his own to translate into functional terms the results of the claimant's EMG report and other raw medical findings.

Even assuming the ALJ committed no error in his evaluation of Dr. Carter's opinion, the ALJ's RFC determination—as it relates to the claimant's manipulative abilities—is not

supported by substantial evidence in the record. The ALJ pointed to no evidence in the record that controverts the claimant's subjective statement that he occasionally drops things. Moreover, there is no other credible medical opinion[2] that contradicts Dr. Carter's opinion that the claimant is limited to only occasional handling. Ultimately, the ALJ does not explain how he reached the conclusion that the claimant is capable of frequent handling. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (requiring remand for a medical source statement where the record failed to establish what effect the claimant's condition had on his ability to work). Accordingly, the Court is unable to conclude the ALJ's decision is based on substantial evidence in the record.[3] Furthermore, the Court finds the claimant was prejudiced because vocational expert evidence in the record establishes there would be no jobs the claimant could perform if he were limited to only occasional handling. The Commissioner failed to address this point.

On remand, the ALJ must reconsider the extent of the limitation on the claimant's ability to handle objects in the context of work activity. Specifically, the ALJ must enlist the assistance of a physician before formulating handling limitations for the claimant's RFC. The ALJ must clearly identify what evidence the handling limitation is based on and explain how he reached his decision. If necessary, the ALJ must also obtain supplemental vocational expert testimony on the issue of whether there is any work the claimant can perform in view

---

[2] There is no indication state agency medical consultants reviewed the medical evidence that documented the claimant's carpel tunnel syndrome.

[3] After the Court announced its ruling on the record, counsel for the defendant interposed an objection; however, counsel immediately notified the Court in writing after the hearing that the objection was withdrawn.

of all his limitations and the relevant vocational factors. The ALJ may conduct any additional proceedings that are not inconsistent with this ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 23rd day of July, 2021.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE