**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAMES CASEY SIMS**                                                                   **PLAINTIFF**

**v.**                                                                                        **No.: 3:20-cv-156-JMV**

**KILOLO KIJAKAZI,
Acting Commissioner of Social Security**                                        **DEFENDANT**

**ORDER**

Before the Court are Plaintiff's motion for an award of $9,103.00 in attorney fees pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) [30]; Defendant's response [31]; and Plaintiff's reply [32]. For the reasons that follow, Plaintiff's request for approval of a payment to his counsel of $9,103.00 from her past-due benefits is **GRANTED**.

Patrick Tabias Jenkins filed an action in this Court on July 4, 2020, to appeal the Commissioner's decision denying his applications for disability benefits. On July 23, 2021, this Court entered a Final Judgment [26] that reversed the case and remanded it to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Following the Court's reversal and remand, the Commissioner issued a favorable decision and on July 3, 2022, issued a Notice of Award of past-due benefits in the amount of $60,412.00. Plaintiff filed the instant motion on July 5, 2021.

In his response to the motion, the Commissioner states he "declines to assert a position on the reasonableness of the request, as he is not the true party in interest" and "cannot stipulate as to the reasonableness of counsel's requested fee." Def.'s Br. [31]. However, the Commissioner points out that the Court is "obligated to act as an 'independent check' on § 406(b) requests to assure that they satisfy the statutory requirement of yielding 'reasonable' results." *Id.* at 4.

The Court appreciates the Commissioner's recitation of the applicable law and the facts and assures the parties it is well aware of its obligation to independently review the fee request and ensure it satisfies the statutory requirement of yielding a reasonable result. Having fulfilled its obligation, the Court finds the fee request in this case is reasonable.

Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant. . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994). A contingency fee agreement to pay 25% of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002).[1]

---

[1] In *Gisbrecht*, the Supreme Court noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08 (internal citations and footnotes omitted).

Here, Plaintiff's counsel requests authorization for payment of $9,103.00 from monies withheld by the Agency from the claimant's past-due benefits. This figure is obtained by subtracting $6,000.00, which has already been authorized by the SSA for services rendered at the administrative level, from $15,103.00 (25% of the claimant's past-due benefits). Several factors weigh in favor of a finding that the fee request is reasonable. First, counsel has presented a contingency fee agreement, signed by Plaintiff, wherein Plaintiff has agreed that his attorneys have the right to seek as much as 25% of her past-due benefits for representation in court. Second, counsel for Plaintiff are experienced Social Security attorneys and achieved a favorable result for Plaintiff before this Court and before the Agency. Third, the Fifth Circuit Court of Appeals and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals.[2] Finally, the fee requested amounts to 15.1% of the claimant's past-due benefits and does not offend § 406(b)(1)(A)'s limitation on fees.

**THEREFORE, IT IS ORDERED** that Plaintiff's petition for an award of attorney fees is **GRANTED**. Payment to counsel for Plaintiff from Plaintiff's past-due benefits in the amount of $9,103.00 is approved, and counsel is not required to reimburse the claimant for the prior EAJA award.[3]

**THEREFORE, IT IS ORDERED**:

---

[2] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n.9 (5th Cir. 2010).

[3] Attorneys may receive fees under both the EAJA and § 206(b) of the Social Security Act, but they must refund to the claimant the amount of the smaller fee. *Jackson v. Astrue*, 705 F.3d at 529 n.2. Plaintiff's attorney states he did not receive any amount of the prior EAJA fee award of $6,745.67 because it had been offset for a child support debt owed by Plaintiff to the Child Support Enforcement Olympia DCS. Accordingly, there is no EAJA fee for the attorney to refund to Plaintiff.

That the Commissioner shall promptly pay Plaintiff $9,103.00 in attorney fees for the benefit of counsel for Plaintiff.

**SO ORDERED** this, the 22nd of July, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**